. DEPARTMENT OF HEALTH OF CITY OF NEW YORK v. DUNN.

(Supreme Court, Appellate Term.   May 4, 1911.)

HEALTH (§ 34*)—REGISTRATION OF VITAL STATISTICS—OFFENSES.

    A physician, failing to file a certificate of birth within 10 days, is subject to the penalty imposed by Greater New York Charter (Laws 1901, c. 466) § 1239, unless the commissioner of health excuses the omission, though the child lived but a short time, and the physician filed a certificate of death which gave the date of birth.

    [Ed. Note.—For other cases, see Health, Dec. Dig. § 34.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by the Department of Health of the City of New York against Thomas Joseph Dunn. From a judgment for defendant, rendered by the Municipal Court, plaintiff appeals. . Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Archibald R. Watson (Herman Stiefel and William J. Millard, of counsel), for appellant.

Dunn & Blake (John P. Dunn, of counsel), for respondent.

GERARD, J.   This action was begun by plaintiff to recover from defendant, a practicing physician, under section 1239 of the charter (Laws 1901, c. 466), a penalty of $100 for alleged violation of section 1237 of the charter, which makes it the duty of the attending physician to file a certificate of birth within ten days.

The child in question lived but a short time, and defendant filed a certificate of death, which gave the date of birth, but omitted to file the certificate of birth.   Defendant, a reputable and well-known physician, pleads that this omission was caused by the confusion of the mother's illness, etc.   The charter provides that the commissioner of health may excuse the omission, but the Municipal Court has no such power.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.